UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re MARJORIE GOEDERT,

    Debtor,

_____/

JOHN ABRAHAM,

    Plaintiff/Appellee,

v.

MARJORIE J. GOEDERT,

    Defendant/Appellant.

_____/

Case No. 06-53645
Chapter 7
Honorable Thomas J. Tucker

Civil Case No. 07-14914
Honorable Patrick J. Duggan

Adversary Proceeding
Case No. 07-4008

**OPINION AND ORDER AFFIRMING BANKRUPTCY
COURT'S DENIAL OF DISCHARGE**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_April 3, 2008.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

    This matter is before the Court on Marjorie J. Goedert's ("Debtor") appeal from the Final Judgment Denying Discharge entered on November 6, 2007 by United States Bankruptcy Judge Thomas J. Tucker. Debtor argues that the Bankruptcy Court erred when it denied her discharge pursuant to 11 U.S.C. §727(a)(5) and § 727(a)(4)(A). On March 7, 2008, this Court sent a notice informing the parties that it is dispensing with oral argument on Debtor's appeal. *See* E.D. Mich. LR 7.1(e)(2).

**I.    Jurisdiction and Standard of Review**

Pursuant to 28 U.S.C. § 158(a)(1), "[t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . of bankruptcy judges . . . . An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

A bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. *Booher Enters. v. Eastown Auto. Co. (In re Eastown Auto Co.)*, 215 B.R. 960, 963 (citing FED. R. BANKR. P. 8013). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id*. at 963-64 (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1411 (1985)).

A bankruptcy court's conclusions of law are reviewed *de novo*. *Id.* at 964 (citing *Nicholson v. Isaacman*, 23 F.3d 629 (6th Cir. 1994)). This means that the reviewing court must decide legal issues as if the issues had not been decided before. *Id*. (citing *In re Downs*, 103 F.3d 472). No deference is granted to a bankruptcy court's legal conclusions. *Id*. (citing *Razavi v. Comm'r*, 74 F.3d 125 (6th Cir. 1996)).

**II.   Factual and Procedural Background**

After Debtor[1] obtained a home equity loan, she entrusted her son, Mark Goedert,

---

[1] The Revocable Living Trust of Marjorie Goedert, Debtor's self-settled trust in which she was also the sole beneficiary, is the actual party who obtained the home equity loan.

with $55,000.00 on April 18, 2005. (*See* Dbtr.'s Br. Ex. Z (check in the amount of $55,000.00 made payable to and negotiated by Mark Goedert).) Debtor claims that the $55,000.00 was entrusted to Mark Goedert for the purpose of investing on Debtor's behalf and was ultimately lost as a result of Mark Goedert's investment.

Less than two months later, on June 1, 2005, John Abraham ("Abraham") obtained a judgment against Debtor in the amount of $245,613.53, based on Debtor's personal guarantee of a loan Abraham made to her grandsons.

On September 27, 2006, Debtor filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. Debtor filed her Statement of Financial Affairs ("SOFA") on October 9, 2007. Debtor's SOFA did not list the $55,000.00 she entrusted to Mark Goedert. More specifically, Debtor did not list the $55,000.00 in answering Question No. 10a. of the SOFA, which asked Debtor to "[l]ist all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case." (Dr.'s Br. Ex. B at 5 (emphasis in original).) Rather, Debtor checked "None" in response to Question No. 10a.

On January 4, 2007, Abraham initiated an adversary proceeding in which he asserted several claims, all of which sought to deny Debtor discharge. Abraham filed a motion for summary judgment as to his claims on July 16, 2007, which was denied by the Bankruptcy Court on September 12, 2007. The Bankruptcy Court then held a trial on Abraham's claims on October 30, 2007. In a bench opinion issued on November 6, 2007, the Bankruptcy Court denied Debtor discharge pursuant to 11 U.S.C. § 727(a)(5) and §

3

727(a)(4)(A).

### III. Analysis

#### A. The Bankruptcy Court Did Not Err In Denying Discharge Pursuant to 11 U.S.C. § 727(a)(5)

Debtor first takes issue with the bankruptcy court's finding that she failed to satisfactorily explain the loss of the $55,000.00. Title 11 U.S.C. § 727(a)(5) authorizes the denial of a bankruptcy discharge when "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." "Section 727(a)(5) is broad enough to include any unexplained disappearance or shortage of assets." *Solomon v. Barman (In re Barman)*, 244 B.R. 896, 900 (Bankr. E.D. Mich. 2000)(citing *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616 (11th Cir. 1984)).

Courts apply a burden-shifting framework in analyzing claims brought pursuant to § 727(a)(5). The party objecting to the discharge bears the initial burden of introducing "more than merely an allegation that the debtor has failed to explain losses." 6 COLLIER ON BANKRUPTCY, P 727.08 at 727-48 (15th ed. 1998). "In [more] specific terms, this requires establishing that there exists the loss or the deficiency of a prepetition asset that could have been used to pay creditors." *Baker v. Reed (In re Reed)*, 310 B.R. 363, 369 (Bankr. N.D. Ohio 2004). If the objecting party satisfies his or her burden, the burden shifts to the debtor to "satisfactorily explain what happened" to the assets. *In re Barman*, 244 B.R. at 900. "At its root, a satisfactory explanation under § 727(a)(5) is one that is reasonable under the circumstances." *In re Reed*, 310 B.R. at 370; *see also In re Chalik*,

4

748 F.2d at 619 ("To be satisfactory, an explanation must convince the judge."); *First Am. Bank v. Bodenstein (In re Bodenstein)*, 168 B.R. 23, 33 (Bankr. E.D.N.Y. 1994)("To be satisfactory, the explanation must convince the bankruptcy judge that the debtor has not hidden or improperly shielded assets.") "At a minimum, however, and has often been said, a satisfactory explanation is one that gives more than a mere vague or indefinite statement." *In re Reed*, 310 B.R. at 370 (citing *Floret, LLC v. Sendecky (In re Sendecky)*, 283 B.R. 760, 763 (B.A.P. 8th Cir. 2002)).

There is no dispute that Abraham satisfied his initial burden of showing that there was a loss of a prepetition asset that could have been used to pay off creditors. The dispositive issue in Debtor's first assignment of err is whether Debtor satisfactorily explained the loss of the $55,000.00. Debtor asserts that she provided "concrete evidence and testimony regarding the $55,000.00 asset." (Dbtr.'s Br. at 8.) Debtor maintains that she produced a $55,000.00 check made payable to and negotiated by her son, Mark Goedert, and testified that she provided this money to Mark Goedert for the purpose of investing on her behalf. Debtor contends that this evidence satisfactorily explains the loss of the $55,000.00.

This Court does not believe the Bankruptcy Court clearly erred in finding that Debtor failed to satisfactorily explain the loss of the $55,000.00. The only documentary evidence produced by Debtor to explain the loss of the $55,000.00 was a copy of a check Debtor made payable to Mark Goedert. Debtor testified that "she gave this money to Mark [Goedert], gave it to him to invest." (11/06/07 Bench Op. at 9; *see also* 10/30/07 Trial Tr. at 73.) Debtor then testified that Mark Goedert lost the entire $55,000.00 she

5

entrusted with him. (*Id.*) Then, when asked what the $55,000.00 was invested in, Debtor answered: "I don't know, you'd have to ask [Mark Goedert]." (*Id.*; 10/30/07 Trial Tr. at 74.) No other witnesses were called by Debtor; nor did Debtor proffer any evidence showing when or how the $55,000.00 was invested. Debtor offered nothing more than her own unsubstantiated and uncorroborated testimony and a copy of the negotiated check made payable to Mark Goedert. Given the lack of any probative evidence substantiating Debtor's testimony, this Court cannot conclude that the Bankruptcy Court's finding that Debtor failed to satisfactorily explain the loss of the $55,000.00 was clearly erroneous.

Debtor also contends that the "check is all the documentation needed to eliminate the speculation as to what happened to this asset," (Dbtr.'s Br. at 6), citing *First Commerc. Fin. Group v. Hermanson (In re Hermanson)*, 273 B.R. 538 (Bankr. N.D. Ill. 2002). As an initial matter, *In re Hermanson* did not hold that production of a check alone is sufficient to satisfactorily explain the disposition of a prepetition asset. Rather, it held that the proffered "documentation must be sufficient to eliminate the need for the Court to speculate as to what happened to all the assets." *Id.* at 546. Moreover, the debtor in *In re Hermanson* was denied discharge pursuant to 11 U.S.C. 727(a)(5) for failing to produce sufficient documentary evidence corroborating his testimony. *See id.* at 547. This is exactly what happened in this case: the Bankruptcy Court found that the check alone was insufficient documentary evidence to corroborate Debtor's testimony as to the disposition of the $55,000.00. Therefore, Debtor's reliance on *In re Hermanson* for the proposition that she satisfactorily explained the loss of the $55,000.00 is misplaced.

**B. The Bankruptcy Court Did Not Err in Denying Discharge Pursuant to 11**

**U.S.C. § 727(a)(4)(A)**

Debtor also contends that the Bankruptcy Court erred in denying her discharge pursuant to 11 U.S.C. § 727(a)(4)(A), which authorizes the denial of a discharge when "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." "In order to deny a debtor discharge under [§ 727(a)(4)(A)], a plaintiff must prove by a preponderance of the evidence that: 1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case." *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000)(citing *Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992)).

Debtor first argues that the Bankruptcy Court improperly shifted the burden to her to explain why the $55,000.00 was not disclosed in her SOFA. In addition, Debtor contends that "[Abraham] offered <u>no evidence</u> that Debtor intended to deceive either the Trustee, her creditors, or [Abraham]." (Dbtr.'s Br. at 9 (emphasis in original).)

As an initial matter, the Court does not believe the Bankruptcy Court improperly shifted the burden to Debtor to explain why the $55,000.00 transaction was not disclosed. In denying discharge pursuant to 11 U.S.C. § 727(a)(4)(A), the Bankruptcy Court applied the elements, as set forth by the Sixth Circuit in *In re Keeney*, to the facts before it. (*See* 11/6/07 Bench Op. at 12-21.) Contrary to Debtor's assertion, there is no indication that the Bankruptcy Court improperly shifted the burden of persuasion to Debtor.

Furthermore, the Bankruptcy Court did not clearly err by inferring from the

circumstantial evidence presented during trial that Debtor knowingly and fraudulently omitted the $55,000.00 transaction from her SOFA. *Stevenson v. Cutler (In re Cutler)*, 291 B.R. 718, 726 (Bankr. E.D. Mich. 2003)(stating that fraudulent intent "may be inferred from circumstantial evidence"). As the Bankruptcy Court noted, Debtor had a substantial motive for concealing the $55,000.00 transaction: had Debtor disclosed the transaction, the trustee and her creditors may have had claims against Debtor's son for negligence, fraud, or breach of fiduciary duty. (*Id.* at 18-19.) Moreover, the Bankruptcy Court's finding Debtor's explanation for failing to disclose the $55,000.00 was not credible. (11/6/07 Bench Op. at 20.) The circumstantial evidence presented at trial was sufficient to conclude that Debtor failed to disclose the $55,000.00 with fraudulent intent.

Finally, Debtor contends that the Bankruptcy Court erred in finding that Debtor's failure to disclose the $55,000.00 transaction in her SOFA was a "false oath" under § 727(a)(4)(A) because it was not a "transfer" within the meaning of the Bankruptcy Code. According to Debtor, "the legal right, title and interest of the $55,000.00 [*sic*] remained with her until the investment was lost." (Dbtr.'s Br. at 11.)

As stated above, the "false oath" at issue in this case was Debtor's failure to disclose the $55,000.00 transaction in response to Question 10a. of her SOFA, which asked Debtor to "[l]ist all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case." (Dr.'s Br. Ex. B at 5 (emphasis in original).) "Transfer" is defined by the Bankruptcy Code as, among other things not relevant to the instant case, "each mode, direct or indirect,

8

absolute or conditional, voluntary or involuntary, of disposing of or parting with – (i) property; or (ii) an interest in property." 11 U.S.C. § 101(54).

This Court believes that, based on the lack of any probative evidence explaining Mark Goedert's alleged investments, the Bankruptcy Court did not clearly err in discrediting Debtor's testimony regarding the disposition of the $55,000.00. *See* FED. R. BANKR. P. 8013 (providing that "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses"). It follows then that Bankruptcy Court's finding that Debtor "transferred," or voluntarily parted with, the $55,000.00 when she made a check payable to her son, regardless of whether she made such transfer with the condition Mark Goedert invest the money on Debtor's behalf, was proper. *See* 11 U.S.C. § 101(54). Moreover, even if Debtor's entrustment of the money to her son for investment purposes was not a "transfer" within the meaning of the Bankruptcy Code, Debtor's son must have transferred the $55,000.00 when he invested it on Debtor's behalf. *See id.* Therefore, the Bankruptcy Court did not clearly err in finding that the $55,000.00 transaction was a "transfer."

## IV. Conclusion

Based on the foregoing, the Court concludes that the Bankruptcy Court's denial of discharge pursuant to either 11 U.S.C. § 727(a)(5) or § 727(a)(4)(A) was proper.

Accordingly,

**IT IS ORDERED** that the Bankruptcy Court's November 6, 2007 Order denying discharge is **AFFIRMED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Donald C. Darnell, Esq.
Jeffrey B. Bershad, Esq.